IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER, JR.,            :

    Petitioner,                 :

vs.                              :        CA 13-0032-CG-C

SAM COCHRAN,                     :

    Respondent.

### REPORT AND RECOMMENDATION

William Seltzer, Jr., a state prisoner presently in the custody of the respondent, filed his complaint for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this Court on January 21, 2013 challenging at least one misdemeanor conviction in the Mobile Municipal Court. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition, which the undersigned treats as having been brought under § 2254,[1] be dismissed to allow Seltzer to exhaust his state remedies

---

[1]  Although Seltzer filed his complaint solely on a § 2241 form, it is clear based upon the contents of the complaint (Doc. 1) and his reply (Doc. 11) that § 2254 also applies because he is "in custody pursuant to the judgment of a State court[,]" 28 U.S.C. § 2254(b)(1). *Compare Retic v. United States*, 215 Fed.Appx. 962, 964 (11th Cir. Feb. 2, 2007) ("Retic's motion was most appropriately characterized as a habeas petition under sections 2241 and 2254. That remedy extends to 'a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' Retic is in state custody, pursuant to a state sentence. . . . The motion clearly demonstrated an intent to challenge his state convictions as unconstitutional. Retic's motion therefore amounts to a petition for habeas corpus, and should be treated under § 2254 because he is a state prisoner serving a state sentence." (internal citations omitted)) *with Medberry v. Crosby*, 351 F.3d 1049, 1060-1061 (11th Cir. 2003) (§ 2254 creates restrictions on the authority to grant § 2241 relief where the petitioner is in custody pursuant to a state court judgment), *cert.*

or, alternatively, that this Court find that it is procedurally barred from reaching the merits of petitioner's alleged constitutional claims to the extent he has failed to exhaust state remedies that are no longer available.

## FINDINGS OF FACT

Although the undersigned was a bit confused by what misdemeanor conviction petitioner was seeking to challenge in this case (*see* Doc. 10), based not only upon a review of Seltzer's complaint (Doc. 1) but also the respondent's answer and attachments (Doc. 9), petitioner has now indicated that he is attacking his conviction in TR2012-40783 (*see* Doc. 11) and since the respondent actually filed the "ticket" evidencing that conviction (see Doc. 9, Exhibit A, at 1), the undersigned is now in a position to enter a report and recommendation despite the respondent's failure to respond to the order entered on May 8, 2013 (*see* Doc. 10, at 2 n.2).

On January 10, 2013, Seltzer was convicted in the Municipal Court of Mobile of driving while his license was revoked, Ala.Code § 32-6-19(a)(1) ("Any person whose driver's . . . license issued in this or another state or whose driving privilege as a nonresident has been cancelled, denied, suspended, or revoked as provided in this article and who drives any motor vehicle upon the highways of this state while his . . . license or privilege is cancelled, denied, suspended, or revoked shall be guilty of a

---

*denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004) and *Turner v. Riley*, 2006 WL 1452693, *3 (S.D. Ala. May 22, 2006) ("Because petitioner is a state inmate in custody pursuant to the judgment of a state court, § 2254 and its restrictions apply to him.").

In the order entered by the undersigned on May 8, 2013, the Court should not have indicated in footnote one that "the respondent mistakenly references Seltzer's habeas corpus attack as having been brought pursuant to 28 U.S.C. § 2254." (Doc. 10, at 1 n.1.) As the foregoing discussion reflects, the respondent made no mistaken reference.

misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), and in addition thereto may be imprisoned for not more than 180 days."). (*Compare* Doc. 1, at 1 *with* Doc. 11, at 1-2 and Doc. 9, Exhibit A, at 1.) In accordance with Alabama law, the jurisdiction of the municipal court over the matter was concurrent with that of the district court, *see* Ala.Code § 12-14-1(c) ("The municipal court shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances."), and the charge against Seltzer was tried by a municipal judge without a jury, Ala.Code § 12-14-6 ("All cases in municipal courts shall be tried by a judge without a jury.").

The face of Seltzer's habeas corpus petition suggests the petitioner wishes to raise the following claims: (1) he was issued traffic citations by a city police office on the private property of an Exxon service station; (2) he was denied the right to call as a witness in his behalf his common-law wife; (3) Municipal Judge Shelbonnie Hall presided over his case until the day of his trial when his case was assigned to a different municipal judge, thereby "denying" him of the right to trial by the "appointed judge[]"; (4) he was deprived of his right to effective assistance of counsel because he was appointed counsel on three different occasions, the last being the day of his trial; and (5) he was denied the right to an oral appeal. (*See* Doc. 1, at 6-8.)[2]

---

2   Although petitioner attached to his reply to the respondent's answer A Motion to Appeal dated January 16, 2013 (Doc. 11, Attachment), there is no indication on the face of the motion that it was actually filed in the Municipal Court (*see id.*) and Seltzer has given this Court

**CONCLUSIONS OF LAW**

      A.    **Exhaustion Principles.**  A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . .

---

no reason to suspect that he received a trial *de novo* in the Circuit Court of Mobile County, Alabama. *See* Ala.Code § 12-14-70(a) ("All appeals from judgments of municipal courts shall be to the circuit court of the circuit in which the violation occurred for trial de novo."); Ala.Code § 12-14-70(c) ("A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed by the court, conditioned upon the defendant's appearance before the circuit court."). Following a trial *de novo* in the circuit court, a defendant may appeal the circuit court's judgment to the Alabama Court of Criminal Appeals. *See* Ala.Code § 12-14-71 ("From the judgment of the circuit court, the municipality, in a case holding invalid an ordinance, or the defendant in any case, may appeal to the court of criminal appeals in like manner as in cases of appeals for convictions of violation of the criminal laws of the state.").

habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'"*Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct

appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Seltzer has not exhausted his state remedies inasmuch as he has failed to establish that he followed the procedure outlined above for appealing his case

to the Circuit Court of Mobile County for a trial *de* novo, *see* Ala.Code § 12-14-70, after which he would also have had the absolute right to appeal his misdemeanor conviction to the Alabama Court of Criminal Appeals, *see, e.g., Coughlin v. City of Birmingham*, 701 So.2d 830 (Ala.Crim.App. 1997) ("The *appellant*, Harry John Coughlin, Jr., was convicted in the *municipal court* of Birmingham for parking his vehicle in an improper space, a violation of Birmingham City Ordinance § 10-15-21. He appealed to the *Circuit Court* of Jefferson County, was tried without a jury, and was found guilty. He was fined $25 plus costs. Coughlin raises several issues on *appeal*[.]" (emphasis supplied)). Moreover, petitioner offers no reason (*see* Doc. 11) for this Court to excuse his failure to exhaust his state remedies. Therefore, Seltzer's petition is due to be dismissed based upon his failure to exhaust state remedies.

    **B.**     <u>**Procedural Default Doctrine.**</u>     Alternatively, to the extent "petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 lL.Ed.2d 982 (2002). This is because "Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Id*. at 1140; *compare id. with Boerckel, supra,* 526 U.S. at 848, 119 S.Ct. at 1734 (a prisoner who fails to present his claims on a petition for discretionary review to a state court of last resort has not properly presented those claims and, therefore, has procedurally defaulted them).

Seltzer has failed to establish cause and prejudice (*see* Doc. 11),[3] and, in addition, he has come forward with no evidence that establishes his actual innocence and thereby undermines his conviction for driving while his license was revoked. *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649-2650, 91 L.Ed.2d 397 (1986) (recognizing that the fundamental miscarriage of justice/actual innocence exception requires a petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."). Accordingly, this Court is also procedurally barred from reaching the merits of Seltzer's claims.

  C. **Certificate of Appealability.** Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the

---

[3] Petitioner's contention that the municipal judge failed to acknowledge his "oral appeal" (Doc. 11, at 3) simply does not establish cause in light of the clear contents of the Alabama statute, *see* Ala.Code § 12-14-70(c) ("A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount of not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed by the court, conditioned upon the defendant's appearance before the circuit court.").

alleged underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Seltzer has not exhausted his claims in the state courts of Alabama and this Court must dismiss all of his alleged constitutional claims to allow him to return to state court to exhaust his state remedies as to these unexhausted claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007)—and, additionally, to the extent he has failed to exhaust remedies that are no longer available, this Court is procedurally barred from reaching the merits of his claims since no exception applies, *Smith, supra,* 256 F.3d at 1138—a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Seltzer should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain

9

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that William Seltzer, Jr.'s petition for writ of habeas corpus, properly construed as having been filed pursuant to 28 U.S.C. § 2254, be dismissed due to his failure to fully exhaust his state court remedies. Alternatively, to the extent Seltzer has failed to exhaust state remedies that are no longer available, this Court should find that it is procedurally barred from reaching the merits of his alleged constitutional claims. Seltzer is not entitled to a certificate of appealability and,

10

therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of July, 2013.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**